IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE:<br><br>JAMES G. FIELDS and<br>LINDA J. FIELDS,<br><br>    Debtor(s). | Case No. 09-62154<br><br>Chapter 7 |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as successor by merger to WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>    Plaintiff(s),<br><br>v.<br><br>JAMES G. FIELDS and<br>LINDA J. FIELDS,<br><br>    Defendant(s). | Adversary proceeding No.: 10-06056 |

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727 AND TO THE DISCHARGEABILITY OF CERTAIN DEBT PURSUANT TO 11 U.S.C. § 523**

The above-styled Debtors, (the "Debtors"), by counsel, respond to the above-referenced Plaintiff's (the "Plaintiff") Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and to the Dischargeability of Certain Debt Pursuant to 11 U.S.C. § 523 (the "Complaint") as follows:

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

5. The Debtors deny the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

7. The Debtors do not have sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint. To the extent a response is required, the Debtors deny the allegations.

8. The Debtors deny the allegations contained in paragraph 8 of the Complaint.

9. The Debtors do not have sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint. To the extent a response is required, the Debtors deny the allegations.

10. The Debtors admit the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint purports to summarize documents filed in a federal court action. The Debtors state that the documents speak for themselves and that no further response is required. The Debtors do not have sufficient knowledge to admit or deny the further allegations contained in paragraph 11 of the Complaint. To the extent a response is required, the Debtors deny the allegations.

12. The Debtors do not have sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 12 of the Complaint. The Debtors deny the remaining allegations in the paragraph.

13. The Debtors deny the allegations contained in paragraph 13 of the Complaint.

MAGEE GOLDSTEIN
LASKY & SAYERS ᴘᴄ
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

2

14. The Debtors state that any loan or guarantee documents supporting the Plaintiff's allegations contained in paragraph 14 of the Complaint speak for themselves and that no further response is required. To the extent a response is required, the Debtors deny the allegations.

15. The Debtors state that any loan or guarantee documents supporting the Plaintiff's allegations contained in paragraph 15 of the Complaint speak for themselves and that no further response is required. To the extent a response is required, the Debtors deny the allegations.

16. The Debtors state that any loan or guarantee documents supporting the Plaintiff's allegations contained in paragraph 16 of the Complaint speak for themselves and that no further response is required. To the extent a response is required, the Debtors deny the allegations.

17. The Debtors state that documents supporting the Plaintiff's allegations contained in paragraph 17 of the Complaint speak for themselves and that no further response is required. To the extent a response is required, the Debtors deny the allegations.

18. The Debtors do not have sufficient knowledge to admit or deny the allegations contained in paragraph 18 of the Complaint. To the extent a response is required, the Debtors deny the allegations.

19. The Debtors do not have sufficient knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint. To the extent a response is required, the Debtors deny the allegations.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

20. The Debtors do not have sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 20 of the Complaint. The Debtors deny the remaining allegations in the paragraph.

21. The Debtors deny the allegations contained in paragraph 21 of the Complaint.

22. The Debtors admit the allegations contained in paragraph 22 of the Complaint.

23. The Debtors deny the allegations contained in paragraph 23 of the Complaint.

24. The Debtors admit the allegations contained in paragraph 24 of the Complaint.

25. The Debtors admit the allegations contained in paragraph 25 of the Complaint.

26. The Debtors deny the allegations contained in paragraph 26 of the Complaint.

27. The Debtors admit that the Court entered an order on October 21, 2009, and state that the order speaks for itself and no further answer is required. Except as specifically admitted, all allegations are denied.

28. The Debtors deny the allegations contained in paragraph 28 of the Complaint.

29. The Debtors deny the allegations contained in paragraph 29 of the Complaint.

30. The Debtors do not have sufficient knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint. To the extent an answer is required, the Debtors deny the allegations.

31. The Debtors do not have sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint. To the extent an answer is required, the Debtors deny the allegations.

32. The Debtors reallege and incorporate by reference the preceding responses to the allegations of the Complaint as if fully set forth herein.

MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

34. The Debtors deny the allegations contained in paragraph 34 of the Complaint.

The "WHEREFORE" paragraph immediately following paragraph 34 of the Complaint states a request for relief to which no response is required. To the extent a response is required, the Debtors deny that the Plaintiff is entitled to any relief.

35. The Debtors reallege and incorporate by reference the preceding responses to the allegations of the Complaint as if fully set forth herein.

36. The Debtors deny the allegations contained in paragraph 36 of the Complaint.

37. The Debtors deny the allegations contained in paragraph 37 of the complaint.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

The "WHEREFORE" paragraph immediately following paragraph 38 of the Complaint states a request for relief to which no response is required. To the extent a response is required, the Debtors deny that the Plaintiff is entitled to any relief.

39. The Debtors reallege and incorporate by reference the preceding responses to the allegations of the Complaint as if fully set forth herein.

40. The Debtors admit the allegations contained in paragraph 40 of the Complaint.

41. The Debtors admit the allegations contained in paragraph 41 of the Complaint.

42. The Debtors deny the allegations contained in paragraph 42 of the Complaint.

The "WHEREFORE" paragraph immediately following paragraph 42 of the Complaint states a request for relief to which no response is required. To the extent a response is required, the Debtors deny that the Plaintiff is entitled to any relief.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

43. The Debtors reallege and incorporate by reference the preceding responses to the allegations of the Complaint as if fully set forth herein.

44. Paragraph 44 of the Complaint purports to summarize an order of the Court. The Debtors state that the Order speaks for itself and that no further response is required.

45. The Debtors deny the allegations contained in paragraph 45 of the Complaint.

46. The Debtors deny the allegations contained in paragraph 46 of the Complaint.

The "WHEREFORE" paragraph immediately following paragraph 46 of the Complaint states a request for relief to which no response is required. To the extent a response is required, the Debtors deny that the Plaintiff is entitled to any relief.

47. The Debtors reallege and incorporate by reference the preceding responses to the allegations of the Complaint as if fully set forth herein.

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

49. The Debtors deny the allegations contained in paragraph 49 of the Complaint.

50. The Debtors deny the allegations contained in paragraph 50 of the Complaint.

51. The Debtors deny the allegations contained in paragraph 51 of the Complaint.

52. The Debtors deny the allegations contained in paragraph 52 of the Complaint.

53. The debtors deny the allegations contained in paragraph 53 of the Complaint.

54. The Debtors deny the allegations contained in paragraph 54 of the Complaint.

The "WHEREFORE" paragraph immediately following paragraph 54 of the Complaint states a request for relief to which no response is required. To the extent a response is required, the Debtors deny that the Plaintiff is entitled to any relief.

MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

55. The Debtors reallege and incorporate by reference the preceding responses to the allegations of the Complaint as if fully set forth herein.

56. The Debtors deny the allegations contained in paragraph 56 of the Complaint.

57. The Debtors deny the allegations contained in paragraph 57 of the Complaint.

58. The Debtors deny the allegations contained in paragraph 58 of the Complaint.

59. The Debtors deny the allegations contained in paragraph 59 of the Complaint.

    The "WHEREFORE" paragraph immediately following paragraph 59 of the Complaint states a request for relief to which no response is required. To the extent a response is required, the Debtors deny that the Plaintiff is entitled to any relief.

60. The Debtors reallege and incorporate by reference the preceding responses to the allegations of the Complaint as if fully set forth herein.

61. Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Debtors deny the allegations.

62. The Debtors deny the allegations contained in paragraph 62 of the Complaint.

63. The Debtors deny the allegations contained in paragraph 63 of the Complaint.

64. The Debtors deny the allegations contained in paragraph 64 of the Complaint.

65. The Debtors deny the allegations contained in paragraph 65 of the Complaint.

66. The Debtors deny the allegations contained in paragraph 66 of the Complaint.

    The "WHEREFORE" paragraph immediately following paragraph 66 of the Complaint states a request for relief to which no response is required. To the extent a response is required, the Debtors deny that the Plaintiff is entitled to any relief.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

## **AFFIRMATIVE DEFENSE(S)**

1. The Debtors deny that any undisclosed trust exists.

2. The Debtors deny that either or both of them provided documents to the Plaintiff containing signatures that either or both of them had falsified.

3. The Debtors deny the allegations in the Complaint that they failed to disclose, concealed, or destroyed personal records from which their financial condition or business transactions might be ascertained. However, even if the Plaintiff is able to provide facts sufficient to prove that the Debtors failed to disclose, concealed, or destroyed records, those records were not records from which information regarding the Debtors' financial condition or business transactions could be ascertained.

4. The Debtors deny the allegations in the Complaint that they failed to disclose, concealed, or destroyed personal records from which their financial condition or business transactions might be ascertained. However, even if the Plaintiff is able to provide facts sufficient to prove that the Debtors failed to disclose, concealed, or destroyed records, the act or failure to act was justified under the circumstances of the case.

5. The Debtors deny the allegations that they failed to produce documents required of them by an order of the Court. However, even if the Plaintiff is able to provide facts sufficient to prove that the Debtors failed to produce documents required of them by an order of the Court, the failure was justified under the circumstances of the case.

6. The Debtors deny the allegations that they failed to produce documents required of them by an order of the Court. However, even if the Plaintiff is able to provide facts sufficient to prove that the Debtors failed to produce documents required of them by

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

8

an order of the Court, the failure is not grounds for objection to discharge because the order was an "order to respond to a material question" pursuant to 11 U.S.C. § 727(a)(6)(A).

7. The Debtors deny the allegations in the Complaint that they intentionally and fraudulently made false statements under oath. However, even if the Plaintiff is able to provide facts sufficient to convince the court that one or both of the Debtors failed to tell the full truth while under oath, the Plaintiff will not be able to prove that the statements, or failures to disclose information as the case may be, were material to the Debtors' bankruptcy case, because the trust referenced in the Complaint does not exist.

8. The Debtors deny the allegations in the Complaint that they intentionally and fraudulently made false statements under oath. However, even if the Plaintiff is able to provide facts sufficient to convince the court that one or both of the Debtors failed to tell the full truth while under oath, the Plaintiff will not be able to prove that the statements, or failures to disclose information as the case may be, were material to the Debtors' bankruptcy case, because, if the trust referenced in the Complaint exists, it has no value.

9. The Debtors deny the allegations in the Complaint that they intentionally and fraudulently made false statements under oath. However, even if the Plaintiff is able to provide facts sufficient to convince the court that one or both of the Debtors failed to tell the full truth while under oath, the Plaintiff will not be able to prove that the statements, or failures to disclose information as the case may be, were material to the Debtors' bankruptcy case, because, the Debtors' failure to reveal information about

MAGEE GOLDSTEIN LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

9

the trust document did not prevent the trustee or any creditors from discovering any assets material to the Debtor's bankruptcy estate.

WHEREFORE, James G. Fields and Linda J. Fields, by counsel, request that the Court dismiss the Complaint with prejudice, and for such other relief as the Court deems proper.

Date:  May 10, 2010                             Respectfully submitted,

                                                JAMES G. FIELDS and
                                                LINDA J. FIELDS

                                                By: /s/ Garren R. Laymon

Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Magee Goldstein Lasky & Sayers, PC
PO Box 404
Roanoke, VA 24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail:  agoldstein@mglspc.com
*Counsel for the Debtors*



MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2010, the foregoing document was served by first class mail, postage pre-paid, upon the following persons:

> Peter J. Barrett, Esq.
> Matthew J. Kurz, Esq.
> 1111 East Main Street, Suite 800
> Richmond, VA 23219-3500

On this same date, I electronically filed the original with the United States Bankruptcy Court for the Western District of Virginia which caused electronic copies to be served on the United States Trustee and all other registered users of the ECF system that have filed notices of appearance in this case.

> By: /s/ Garren R. Laymon
> Garren R. Laymon, Esquire

U:\A CLIENTS\Fields, James & Linda 1059\Dischargeability\Wells Fargo\Answer - WF.doc



MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800

11